FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 19 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00914-BNB

RANDOLPH STEPHEN BAIRD,

    Applicant,

v.

WARDEN ARIL CHAPMAN, and
THE ATTORNEY GENERAL OF THE STATE OF SOUTH CAROLINA,

    Respondents.

## ORDER OF TRANSFER

    Applicant, Randolph Stephen Baird, currently is incarcerated at the Kit Carson Correctional Center in Burlington, Colorado. He submitted to the Court *pro se* an application pursuant to 28 U.S.C. § 2254 for writ of habeas corpus. He paid the $5.00 filing fee for a habeas corpus action.

    On April 14, 2011, Magistrate Judge Boyd N. Boland ordered Mr. Baird to file an amended application that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and Rule 4 of the Rules Governing Section 2254 Cases because he appeared to be attacking in one habeas corpus action convictions in both South Carolina and Colorado, although as relief he primarily asked for release from his South Carolina sentence. On May 12, 2011, Mr. Baird filed the amended application.

    The Court must construe Mr. Baird's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935

F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the amended application will be denied.

Although Mr. Baird's amended application is not the model of clarity, the amended application is attacking his South Carolina state charges of unlawful use of the telephone. His only allegation concerning Colorado is that the 1995 interstate telephone calls he made to his wife in South Carolina, and on which he was convicted in 1996, were made from Colorado. He fails to make clear the reason or reasons he is confined in Colorado, or why he filed the application in this Court. He simply alleges that he is incarcerated within the Colorado Department of Corrections, will be released in September 2011, and upon his release South Carolina authorities will extradite him to serve time for a probation violation.

Mr. Baird is challenging his state court conviction in South Carolina. Therefore, venue is improper in this Court. *See* 28 U.S.C. § 1391(b). The proper venue for a challenge to Mr. Baird's conviction lies in the district in which he originally was convicted. Mr. Baird alleges that he was convicted in the Court of General Sessions, Thirteenth Judicial Circuit in Pickens County, South Carolina. Therefore, the action will be transferred to the United States District Court for the District of South Carolina, Anderson Division. In the interest of justice, a federal court may transfer a case filed in the wrong district to the correct district. *See* 28 U.S.C. § 1406(a).

Accordingly, it is

2

ORDERED that the habeas corpus application and the action is transferred to the United States District Court for the District of South Carolina, Anderson Division, 300 East Washington Street, Greenville, South Carolina 29601.

DATED at Denver, Colorado, this __19th__ day of _____May_____, 2011.

BY THE COURT:


        _s/Lewis T. Babcock_
        LEWIS T. BABCOCK, Senior Judge
        United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00914-BNB

Randolph Stephen Baird
Prisoner No. 119594
Kit Carson Correctional Center
PO Box 2000
Burlington, CO 80807

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on May 19, 2011

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk